**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GE BUSINESS FINANCIAL SERVICES** : | | |
| **INC., formerly known as Merrill Lynch** : | | |
| **Business Financial Services Inc.** : | | |
| : | **Case No.:** | **1:09-cv-4368** |
| **Plaintiff,** : | | |
| : | | |
| v. : | | |
| : | | |
| **ALAN T. SCHIFFMAN and** : | | |
| **WILLIAM PETER RIDGEWAY CROSS** : | | |
| : | | |
| **Defendants.** : | | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**AGAINST DEFENDANT WILLIAM PETER RIDGEWAY CROSS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**

Defendant William Peter Ridgeway Cross ("Cross"), by and through his counsel asserts that this matter against him must be dismissed because: (a) the Court lacks personal, as well as subject matter jurisdiction, based upon plaintiff's prior choice of a Georgia forum and Georgia law; and (b) plaintiff fails to state a claim upon which relief can be granted, because both *res judicata* and the Full Faith and Credit Clause prohibit plaintiff from successfully proceeding.

**Brief Summation of the Facts**

In this action, plaintiff GE Business Financial Services Inc. ("GE") seeks to enforce a limited payment guaranty (the "Guaranty") signed by defendant Cross regarding a loan made by GE to IBS Cobblestone Operating, LLC, a Georgia limited liability company ("Cobblestone") in the original amount of $21,100,000 (the "Loan"). The Loan financed Cobblestone's acquisition of a 248 unit apartment complex and adjacent land in Fayette County, Georgia (the "Property").

1

In 2008, Cobblestone defaulted on the Loan and, in January of 2009, GE foreclosed on the Property under Georgia law.  GE held the foreclosure sale on January 6, 2009 on the courthouse steps of the Fayette County Superior Courthouse.  At that time, the Property was sold to GE, the sole bidder, for the sum of $16,800,000.

Pursuant to the Georgia Annotated Code (Ga. Code Ann. § 44-14-161), however, no action may be taken to obtain a deficiency judgment unless the person who instituted the foreclosure reports the sale to the judge of the Superior Court of the county in which the land is located and obtains confirmation and approval by that court that fair market value was obtained.  The statute mandates that the court shall not confirm the sale unless it is satisfied that the property brought its true fair market value.

On February 4, 2009, GE, as petitioner and as required under the statute, filed a Report of Sale and Application for Confirmation of Sale Under Power in the Superior Court of Fayette County, Georgia against respondents Cobblestone and two guarantors, Alan T. Schiffman ("Schiffman"), and defendant Cross (see Exhibit "A" attached; without voluminous exhibits to the Report of Sale).  Then, in accordance with O.C.G.A. § 44-14-161, the court held a hearing to determine whether to confirm the sale.  At that hearing, GE and defendant Cross were both present.

After a full evidentiary hearing, the court refused to confirm the sale, and held GE had failed to obtain fair market value for the Property.  Further, the court refused to order a resale of the Property because GE failed to show good cause why a resale should occur.  Under applicable Georgia law, GE is prohibited from seeking any deficiency judgment against either Cobblestone

or defendant Cross.  Consequently, this action should be dismissed, as the Georgia action is *res judicata*.

In addition, the Guaranty under which plaintiff now sues granted "non-exclusive jurisdiction" to GE to proceed in Illinois.  However, it also allowed GE the choice to proceed in any other appropriate jurisdiction.  Plaintiff was free to - and indeed did - choose Fayette County, Georgia as its litigation forum, suing both Cobblestone <u>and</u> guarantor Cross in that jurisdiction.  As a result, jurisdiction against Cross lodged in Georgia, and this Court now lacks personal jurisdiction under F.R.C.P. 12(b)(2), and subject matter jurisdiction under F.R.C.P. 12(b)(3), over him.

Consequently, this action should also be dismissed under F.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted because plaintiff is barred by *res judicata*, the Full Faith and Credit Clause, and collateral estoppel from seeking a deficiency judgment.  Georgia law and the decision of the Georgia court governs on all matter before this Court.

Finally, defendant Cross hereby incorporates his supporting Memorandum of Law and all exhibits thereto.

WHEREFORE, defendant William Peter Ridgeway Cross respectfully requests that this Honorable Court grant this instant motion in its entirety, enter an order dismissing with prejudice plaintiff's Complaint as to this defendant, and for such other and further relief as this Court deems just.

Respectfully submitted,

/s/ Mark G. Poulakidas
MARK G. POULAKIDAS (#6230065)
mpoulakidas@hskolaw.com

3

*Local counsel:*
Mark G. Poulakidas (ARDC No. 62320065)
Haynes, Studicka, Kahan, O'Neill & Poulakidas, LLC
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-332-6644

*Pro hac vice admission pending:*
Joseph Caprara
Caprara Law Offices
633 West Germantown Pike
Suite 103
Plymouth Meeting, PA 19462
(215) 616-8600