IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., formerly known as Merrill Lynch Business Financial Services Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 4368 |
| ALAN T. SCHIFFMAN and, WILLIAM PETER RIDGEWAY CROSS, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant William Peter Ridgeway Cross' (Cross) and Defendant Alan T. Schiffman's (Schiffman) motions to dismiss. For the reasons stated below, we deny the motions to dismiss.

## BACKGROUND

Plaintiff GE Business Financial Services Inc. (GE), formerly known as Merrill Lynch Business Financial Services Inc., alleges that on August 8, 2007, GE loaned IBS Cobblestone Operating, LLC (Cobblestone) $21,100,000 to purchase a 248 unit

1

apartment complex and approximately 7.5 acres of adjacent land (Property). (Compl. Par. 5). According to GE, the loan GE made to Cobblestone (Loan) was secured by a mortgage on the Property and guaranteed by Schiffman and Cross pursuant to a guaranty dated August 8, 2007 (Guaranty). (Compl. Par. 5-6).

Under the terms of the Guaranty, Defendants allegedly guaranteed "the full and prompt payment" of the Indebtedness, which was defined under the Guaranty as "(1) [sic] $2,110,000 (10% of the outstanding loan); (b) the interest reserve of $500,000; and (c) the $600,000 release price, or a total of $3,210,000.00, plus Enforcement Costs with respect to this action." (Compl. Par. 7, 15). In addition, in the event of a default on the Loan, Defendants purportedly agreed to pay any deficiency resulting from the foreclosure and sale of the Property, "notwithstanding the fact that recovery of said deficiency against [Cobblestone] would not be allowed by applicable law." (Compl. Par. 8). The Guaranty also allegedly provided that Defendants would "pay the Indebtedness regardless of any defense, right of set-off or claims." (Compl. Par. 9). In addition, under the terms of the Guaranty, Defendants allegedly agreed to "waive any and all rights [they might] have under any anti-deficiency statute." (Compl. Par. 10). Finally, GE contends that the Guaranty provided that GE and Defendants would "irrevocably (a) submit to the non-exclusive jurisdiction of the state and federal courts having jurisdiction in the City of Chicago,

2

County of Cook and State of Illinois, and (b) . . . waive the right to object, with respect to [any proceeding brought in any such court], that such court does not have jurisdiction over such party." (Compl. Par. 12). GE alleges that the jurisdictional waiver found in the Guaranty also included a provision stating that "nothing in [the] Guaranty shall preclude [GE] from bringing a proceeding in any other jurisdiction nor will the bringing of a proceeding in any one or more jurisdictions preclude the bringing of a proceeding in any other jurisdiction." (Compl. Par. 12).

According to GE, after Cobblestone defaulted on the loan, GE conducted a non-judicial foreclosure sale of the Property in Georgia on January 6, 2009, which "was advertised in the County newspaper where the [Property] is located, and [Cobblestone] and [Defendants] were given notice by mail four weeks in advance of the sale." (Compl. Par. 13). GE alleges that it bid $16,800,000 on the Property, which was $100,000 more than the appraised value, and that there were no other bidders at the sale. (Compl. Par. 14). GE contends that pursuant to the Guaranty, Defendants are liable for "the deficiency of $5,682,638.62, which is the outstanding debt of $22,482,638.62 . . . less the foreclosure sale bid of $16,800,000, 'up to, but not exceeding,' the Indebtedness, which is $3,210,000.00 plus Enforcement Costs," which means that Defendants jointly and severally owe GE $3,210,000.00 plus enforcement costs" under the terms of the Guaranty. (Compl. Par. 14). GE allegedly

3

demanded payment of this amount from Defendants, and Defendants allegedly have not made any payment. (Compl. Par. 17). GE includes in its complaint breach of contract claims brought against Defendants. Defendants have moved to dismiss the breach of contract claims.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to

support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.,* 322 F.3d at 946.

Federal Rule of Civil Procedure 12(b)(2) (Rule 12(b)(2)) directs a court to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). For the purposes of such a motion to dismiss, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Intern. Corp. v. Coco,* 302 F.3d 707, 712-13 (7th Cir. 2002).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (Rule 12(b)(6)), a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Thompson v. Ill. Dep't of*

*Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(emphasis in original)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Defendants argue that the instant action should be dismissed because the court lacks personal and subject matter jurisdiction since, according to Defendants, GE elected to sue Defendants under Georgia law in the Superior Court of Fayette County, Georgia (Georgia State Court), prior to filing the instant action. Defendants also contend that GE has failed to state a claim upon which relief can be granted based upon the doctrine of *res judicata* and the Full Faith and Credit Clause of the United States Constitution (Full Faith and Credit Clause).

According to Defendants, on February 4, 2009, GE filed a Report of Sale and Application for Confirmation of Sale Under Power (Confirmation Application) in Georgia State Court pursuant to Official Code of Georgia Annotated § 4-14-161 (Ga. Code Ann. § 44-14-161). Pursuant to Ga. Code Ann.§ 44-14-161, "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure

proceedings . . . report[s] the sale to the judge of the superior court of the county in which the land is located for confirmation and approval." Ga. Code Ann. § 44-14-161. Under the statute, the court will confirm and approve the foreclosure sale if "it is satisfied that the property so sold brought its true market value on such foreclosure sale." *Id.*

Defendants state that after GE filed its Confirmation Application, GE and Defendants attended a hearing at which the Georgia State Court held that GE failed to obtain fair market value for the Property or show good cause why a resale should occur and therefore declined to confirm and approve the foreclosure sale or order a resale of the Property (Confirmation Hearing). Defendants argue that "[u]nder applicable Georgia law, GE is prohibited from seeking any deficiency judgment against [Cobblestone or Defendants] . . . [and that the instant action] should be dismissed, as the Georgia action is *res judicata*." (Mot. 2-3). Defendants assert that "Georgia law and the decision of the Georgia State Court governs [sic] on all matters before this court." (Mot. 3). Defendants also argue that, based upon the proceedings in the Georgia State Court, jurisdiction against Defendants "lodged in Georgia" and, as a result, this Court lacks both personal jurisdiction over Defendants and subject matter jurisdiction over the action. (Mot. 3). Defendants conclude that based on *res judicata* and the Full Faith and Credit Clause, this court must dismiss

the instant action for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.

For a motion to dismiss pursuant to Rule 12(b)(6), with limited exceptions, the focus is solely upon the allegations in the complaint. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)(stating that "[w]hen ruling on a motion to dismiss, the court generally should consider only the allegations of the complaint"). However, the court may take judicial notice of matters of public record, such as public court documents, and may consider such documents without converting the Rule 12(b) motion to dismiss into a Federal Rule of Civil Procedure 56 motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

I. Jurisdictional Issues

Defendants' argument that this Court lacks both personal jurisdiction over Defendants and subject matter jurisdiction over the action is without merit. The court has personal jurisdiction over Defendants based upon the terms of the Guaranty, which provides that Defendants "submit to the non-exclusive jurisdiction of the state and federal courts having jurisdiction in the city of Chicago, county of Cook and state of Illinois." (Guar. Par. 9). Such a forum-selection clause confers

personal jurisdiction over Defendants. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005). The court's subject matter jurisdiction in this case is based upon 28 U.S.C.§ 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a). In its complaint, GE alleges sufficient facts indicating that GE is a citizen of Delaware and Illinois, that Schiffman is a citizen of Florida, that Cross is a citizen of Pennsylvania, and that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Compl. Par. 1, 2, 3, 4).

Defendants have provided no case law to support their suggestion that this court is somehow divested of subject matter jurisdiction or personal jurisdiction based on the Confirmation Hearing that was held in the Georgia State Court. Defendants' assertion that jurisdiction against Defendants somehow "lodged in Georgia" to the exclusion of any other possible forum is also in direct contradiction to the terms of the Guaranty, which provides that "[n]othing in this Guaranty shall preclude [GE] from bringing a proceeding in any other jurisdiction [than Illinois] nor will the bringing of a proceeding in any one or more jurisdictions preclude the bringing of a proceeding in any other jurisdiction." (Guar. Par. 9). Defendants'

arguments therefore lack merit. Further, we note that Defendants' arguments related to subject matter jurisdiction and personal jurisdiction are really just a misapplication of Defendants' *res judicata* defense.

II. Res Judicata and Full Faith and Credit

Turning to Defendants' *res judicata* argument, we find that Defendants' claim that GE has failed to state a claim upon which relief can be granted, based on the doctrine of *res judicata* and the Full Faith and Credit Clause, is also without merit. Under Illinois law, the doctrine of *res judicata* bars relitigation of "issues that were actually decided in the first action, as well as matters that could have been decided . . . [if there was] (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies." *Lane v. Kalcheim*, 915 N.E. 2d 93, 98 (Ill App. Ct. 2009)(citations omitted).

The Full Faith and Credit Clause, U.S. Const. art. IV, § 1, and its implementing statute, 28 U.S.C. § 1738, provide that a state court judgment has "the same preclusive effect as would be given the judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). Thus, based on the Full Faith and Credit Clause, we will

also examine Georgia law to determine whether the Confirmation Hearing in the Georgia State Court has a *res judicata* effect on the instant action. Under Georgia law, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Ga. Code Ann. § 9-12-40. Therefore, under both Illinois and Georgia law, *res judicata* bars this action if enforcement of the Guaranty could have been put in issue in the Georgia proceeding.

Defendants contend that the enforcement of the Guaranty could appropriately have been addressed in the Confirmation Hearing, and thus the doctrine of *res judicata* defeats GE's claim in the instant action. In support of their argument, Defendants point out that GE and Defendants were parties to the proceedings in Georgia. Defendants also highlight the fact that under Georgia law, if a court refuses to confirm the foreclosure sale, "no action is permitted to obtain a deficiency judgment." (Mem. 2). In addition, Defendants argue that "the same guaranty sued on in the current matter was at issue and attached as an exhibit in the Georgia action," and therefore "[i]f GE wanted to argue that some term or provision of the guaranty . . . allowed it to obtain a deficiency judgment, it was free to do so in Georgia." (Mem. 3, 6).

11

Contrary to Defendants' assertions, the law is clear that a confirmation proceeding under Ga. Code Ann. § 44-14-161 is:

> a statutory proceeding which by law determines only that the sale was properly advertised and brought the fair market value of the land. . . . [T]he statute does not undertake to decide controversies between parties as to the amount of the debt, side agreements, or matters in defense of default or in denial of indebtedness. . . . Except as to the confirmed amount of the sale, [t]he confirmation judgment does not establish the liability of any party with regards to the indebtedness.

*Dorsey v. Mancuso*, 547 S.E.2d 787, 789 (Ga. Ct. App. 2001)(citation omitted).

Defendants cite to *First Nat. Bank & Trust Co. V. Kunes*, 197 S.E. 2d 446 (Ga. Ct. App. 1973), for the propositions that guarantors are debtors within the meaning of Ga. Code Ann.§ 44-14-161, and that "the purpose of the statute . . . is to protect the debtor (including the guarantor) from being subjected to double payment in cases where the property was purchased for a sum less than market value." (Mem. 4). While this is true, *First Nat. Bank* merely stands for the proposition that guarantors must be included as parties to a confirmation proceeding. 197 S.E. 2d 446, 448-49 (Ga. Ct. App. 1973). It does not stand for the proposition that such guarantors cannot contract away such protections under the terms of a guaranty, as Defendants did in this case.

Throughout their briefs, Defendants cling to the assertion that under Georgia law, there is no deficiency, and point out that all of the cases cited by GE relate to a lender's ability to recover from a guarantor after a court has found that a deficiency

exists. However, GE cites those cases only for the proposition that *res judicata* does not bar a subsequent action against guarantors after proceedings related to foreclosure have occurred. In addition, the distinction that Defendants attempt to draw is irrelevant given that the parties contractually agreed that Defendants would pay the Indebtedness "regardless of any defense, right of set-off, or claims" (Guar. Par. 2); "waive any and all rights [they] may have under any anti-deficiency statute or similar protections" (Guar. Par. 3(d)); and "remain liable for payment of the Indebtedness, until the Indebtedness has been paid in full, notwithstanding any act or thing which might otherwise operate as a legal or equitable discharge of a surety" (Guar. Par. 4).

    Defendants attempt to muddy the waters by arguing that Georgia law should control this action, reasoning that if Georgia law controls, there is no deficiency, and there can be no recovery unless there is a deficiency. First, we find that Defendant's argument that Georgia law controls this action lacks merit, and we note that their argument is premised upon the terms of the Deed to Secure Debt and Security Agreement, a contract that Defendants, as Guarantors, were not even signatories to. The Guaranty that Defendants signed clearly provides that it "shall be governed by, and construed in accordance with, the internal laws of the state of Illinois." (Guar. Par. 17). Illinois courts uphold choice-of-law provisions in a contract "as long as the contract is valid and the law chosen is not contrary to Illinois' fundamental public policy." *Thomas v. Guardsmark, Inc*., 381 F.3d 701, 705 (7th Cir. 2004)(citation

omitted). The Guaranty specifies that the parties and Loan documents have a "substantial relationship" to Illinois. (Guar. Par. 17). GE is located in Illinois, the underlying Loan transaction originated out of Chicago, Illinois, and the Guaranty and other Loan documents were negotiated in Illinois. Since there are no compelling reasons to ignore the forum selection clause of the Guaranty, Illinois law controls.

Second, Defendants' argument that if Georgia law controls, there is no deficiency and there can be no recovery unless there is a deficiency, ignores the express provisions of the Guaranty that Defendants entered into. Under Illinois law, guaranties are legally enforceable contracts that must be construed in accordance with their express provisions, "so long as they are clear and unambiguous." *F.D.I.C. v. Rayman*, 117 F.3d 994, 998-99 (7th Cir. 1997). Defendants have not argued that the terms of the Guaranty are ambiguous. Therefore, even if this Court had not already found that the Confirmation Hearing did not have a *res judicata* effect on the instant action, Defendants would still be bound by their waiver of defenses under the Guaranty. Moreover, Defendants would be bound by the express provision of the Guaranty stating that "[i]n the event of the foreclosure of the Deed and of a deficiency, Guarantor hereby promises and agrees forthwith to pay the amount of such deficiency up to, but not exceeding, the Indebtedness, *notwithstanding the fact that recovery of said deficiency against Borrower would not be allowed by applicable law.*" (Guar. Par. 4)(emphasis added).

We note that in arguing their motions to dismiss, Defendants do not even

14

address the express terms of the Guaranty they entered into, except to argue that Ga. Code Ann.§ 44-14-161 is not an anti-deficiency statue, but is instead a confirmation statute. Defendants, however, have not offered an alternative interpretation of what would constitute an anti-deficiency statute, if not the statute at issue here. Furthermore, this court cannot simply ignore the myriad other provisions of the Guaranty that contemplate exactly the situation presented here. The Guaranty provides that Defendants waive any defenses and remain liable under the Guaranty notwithstanding the results of the Confirmation Hearing. Therefore, we deny Defendants' motions to dismiss. We emphasize that we are merely ruling based on the allegations in the complaint and the record before us and solely for the purpose of adjudicating the motion to dismiss before us. At this juncture, we are not making any findings regarding the evidence for purposes of summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motions to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 27, 2010