IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., formerly known as Merrill Lynch Business Financial Services Inc. | : : : : |
| Plaintiff, | : Case No.: 1:09-cv-4368 : : |
| v. | : : |
| ALAN T. SCHIFFMAN and WILLIAM PETER RIDGEWAY CROSS: | : : |
| Defendants. | : : |

**DEFENDANT WILLIAM PETER RIDGEWAY CROSS'
ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM
TO COMPLAINT OF GE BUSINESS FINANCIAL SERVICES**

Defendant William Peter Ridgeway Cross ("Cross"), by and through his counsel, Joseph A. Caprara, Esquire, hereby files the following Answer and Affirmative Defenses to the Complaint of plaintiff GE Business Financial Services ("GEBFS").

1. The allegations set forth in paragraph 1 of the Complaint are legal conclusions which defendant is not required to admit or deny, and as such, they are denied.

2. The allegations set forth in paragraph 2 of the Complaint are legal conclusions which defendant is not required to admit or deny, and as such, they are denied.

3. Denied. Defendant Cross is a citizen and resident of Florida.

4. The allegations set forth in paragraph 4 of the Complaint are legal conclusions which defendant is not required to admit or deny, and as such, they are denied.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

8. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

9. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

10. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

11. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

12. Defendant admits plaintiff has accurately quoted a portion of the guaranty, but denies any liability as a result.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits GEBFS has made demand for payment. However, defendant denies any such payment is due or owing.

18. The allegations set forth in paragraph 18 of the Complaint are legal conclusions which defendant is not required to admit or deny, and as such, they are denied.

WHEREFORE, defendant Cross respectfully requests this Court dismiss plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

In further answering, defendant hereby asserts the following defenses:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint's claims are barred by *res judicata*.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the full faith and credit clause.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *laches*, waiver and/or estoppel.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint's claims are barred by relevant statutes of limitations.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff mischaracterized the nature of the obligations to which defendant agreed.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is entitled to no further payments or assets from Cross.  It has already received payment of assets sufficient to fully repay any obligations originally due.

### **CROSSCLAIM  - AGAINST DEFENDANT ALAN SCHIFFMAN**

19.     Defendant Cross had a small minority interest in the Cobblestone property that was the subject of the loan and guaranty.

20.     Cross, unlike Schiffman, had no managerial authority or control of this investment.

21.     Cross was apprised of the guaranty request by co-defendant Alan Schiffman, who informed Cross the guaranty was limited to events of misconduct, malfeasance or fraud.

22.     Cross did not attend the closing on this investment and had no direct contact with the lender.

23.     Cross was never provided with copies of the guaranty, instead receiving merely signature pages.

24.     To the extent the guaranty extends beyond misconduct, malfeasance or fraud, Cross crossclaims as against Alan Schiffman for failing to disclose the actual terms of the documents.

WHEREFORE, defendant Cross seeks judgment for any sums assessed against him as due GEBFS in this matter.

                                                      Respectfully submitted,

                                                     /s/ Joseph A. Caprara
                                                     JOSEPH A. CAPRARA, ESQUIRE
                                                     jcaprara@capraralaw.com

*Local Counsel*
Mark G. Poulakidas (ARDC No. 62320065)
Haynes, Studicka, Kahan, O'Neill & Poulakidas, LLC
200 West Adams Street, Suite 500
Chicago, IL 60606
312-332-6644

*Pro Hac Vice*
Joseph A. Caprara
Caprara Law Offices
633 W. Germantown Pike, Suite 103
Plymouth Meeting, PA 19462
215-616-8600

## **CERTIFICATE OF SERVICE**

I, Joseph A. Caprara, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Answer to Plaintiff's Complaint to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all attorneys of record on this 24th day of February 2010.

/s/ Joseph A. Caprara
jcaprara@capraralaw.com