IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., formerly known as Merrill Lynch Business Financial Services Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 4368 |
| v. | ) ) | Judge Samuel Der-Yeghiayan |
| ALAN T. SCHIFFMAN and WILLIAM PETER RIDGEWAY CROSS, | ) ) ) ) | |
| Defendants. | ) | |

## STATEMENT OF UNCONTESTED FACTS

Plaintiff GE Business Financial Services Inc., formerly known as Merrill Lynch Business Financial Services Inc. ("GEBFS"), by its attorney, John H. Anderson of Seyfarth Shaw LLP, for its Statement of Uncontested Facts against Defendants Alan T. Schiffman ("Schiffman") and William Peter Ridgeway Cross ("Cross"), states as follows:

1. GEBFS is a Delaware corporation with its principal place of business in Chicago, Illinois. (J. O'Toole Afft. ¶3).

2. Schiffman is a Florida citizen who resides in Naples, Florida. (J. O'Toole Afft. ¶4).

3. Cross is a Pennsylvania citizen who resides in Blue Bell, Pennsylvania. (Cross Answer ¶3).

4. On August 8, 2007, GEBFS loaned IBS Cobblestone Operating, LLC, a Georgia limited liability company ("Cobblestone"), $21,100,000 to finance the acquisition of a 248 unit apartment complex and adjacent approximately 7.5 acre parcel. This loan was secured by a

8875154v.3

mortgage on the complex and adjacent parcel. A copy of this loan agreement is attached hereto as Exhibit A. (Cross Answer ¶5; Schiffman Answer ¶5).

5. Schiffman and Cross agreed to guarantee GEBFS's payment of loan to Cobblestone pursuant to the Guaranty dated August 8, 2007 and attached hereto as Exhibit B. (J. O'Toole Afft. ¶7).

6. Paragraph 1 of the Guaranty provides as follows:

Guarantor absolutely, unconditionally and irrevocably guarantees the full and prompt payment of:

(a) the Guaranty Amount, but not more than an aggregate of $2,160,000.00.

(b) the Interest Reserve Funds, but not more than an aggregate of $500,000.00;

(c) the Release Price; and

(d) the full and prompt payment of any Enforcement Costs (as hereinafter defined in Section 7 hereof).

All amounts due, debts, liabilities and payment obligations described in this Section 1 shall be hereinafter collectively referred to as the "**Indebtedness**."

(Cross Answer ¶7; Schiffman Answer ¶7).

7. The last sentence of paragraph 5 of the Guaranty provides as follows

In the event of the foreclosure of the Deed and of a deficiency, Guarantor hereby promises and agrees forthwith to pay the amount of such deficiency up to, but not exceeding, the Indebtedness, notwithstanding the fact that recovery of said deficiency against Borrower would not be allowed by applicable law; however, the foregoing shall not be deemed to require that Lender institute foreclosure proceedings or otherwise resort to or exhaust any other collateral or security prior to or concurrently with enforcing this Guaranty.

(Cross Answer ¶8; Schiffman Answer ¶8).

8. Paragraph 7 of the Guaranty provides as follows:

If: (a) this Guaranty is placed in the hands of an attorney for collection or is collected through any legal proceeding; (b) an attorney is retained to represent

2

8875154v.3

>Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Guaranty; (c) an attorney is retained to provide advice or other representation with respect to this Guaranty; or (d) an attorney is retained to represent Lender in any proceedings whatsoever in connection with this Guaranty and Lender prevails in any such proceedings, then Guarantor shall pay to Lender upon demand all reasonable attorney's fees, costs and expenses incurred in connection therewith (all of which re referred to herein as "Enforcement Costs"), in addition to all other amounts due hereunder, regardless of whether all or a portion of such Enforcement Costs are incurred in a single proceeding brought to enforce this Guaranty as well as the other Loan Documents.

(J. O'Toole Afft. ¶11; Cross Answer ¶11; Schiffman Answer ¶11).

9.  On January 6, 2009, GEBFS conducted a non-judicial foreclosure sale of the mortgaged premises. The sale was advertised for four weeks in the County newspaper where the mortgaged property is located, and the borrower and guarantors were given notice by mail four weeks in advance of the sale. (Cross Answer ¶13; Schiffman Answer ¶13).

10. GEBFS was the only bidder at the sale, bidding $16,800,000, which was $100,000 more than the appraised value of the property. (J. O'Toole Afft. ¶13).

11. Under paragraph 1 of the Guaranty, the Indebtedness guaranteed is (1) $2,110,000 (10% of the outstanding loan); (b) the interest reserve of $500,000; and (c) the $600,000 release price, or a total of $3,210,000.00, plus Enforcement Costs with respect to this action. (J. O'Toole Afft. ¶13).

12. Under paragraph 5 of the Guaranty, Schiffman and Cross are obligated to pay GEBFS the deficiency of $5,709,.829.91, which is the outstanding debt of $22,509,829.91 (consisting of the principal including applied interest reserve as of January 6, 2009 of $21,593,059.00, accrued and unpaid interest through January 6, 2009 of $700,958.67, and enforcement costs through March 9, 2010 of $189,579.62, and other and other expenses of $24,550.00), less the foreclosure sale bid of $16,800,000, "up to, but not exceeding," the Indebtedness, which is $3,210,000.00 plus Enforcement Costs. Schiffman and Cross are

3

therefore liable jointly and severally under the Guaranty to GEBFS for $3,210,000.00 plus Enforcement Costs. (J. O'Toole Afft. ¶¶ 8, 13, and 14).

13. GEBFS has made demand for payment on Schiffman and Cross, but they have not made payment. (Cross Answer ¶17; Schiffman Answer ¶17).

14. GEBFS has performed all obligations required of it.

WHEREFORE, GEBFS respectfully requests this Court to enter a judgment in its favor and against Schiffman and Cross jointly and severally in the amount of $3,210,000.00, plus Enforcement Costs, and for such further relief as the Court deems appropriate.

Date: April 12, 2010

Respectfully submitted,

**GE BUSINESS FINANCIAL SERVICES INC.**

By: s/John H. Anderson
 One of Its Attorneys

John H. Anderson
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Ph: (312) 460-5000
Fax: (312) 460-7000

## CERTIFICATE OF SERVICE

I, John H. Anderson, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **Plaintiff's Statement of Uncontested Facts** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all attorneys of record on this 12th day of April, 2010.

s/John H. Anderson
John H. Anderson

8875154v.3