IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GE BUSINESS FINANCIAL SERVICES )
INC., formerly known as Merrill Lynch )
Business Financial Services Inc., )
)
      Plaintiff, )
)
v. ) No. 09 C 4368
)
ALAN T. SCHIFFMAN and, )
WILLIAM PETER RIDGEWAY CROSS, )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on GE Business Financial Services Inc.'s (GE) motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

GE alleges that it loaned IBS Cobblestone Operating, LLC (Cobblestone) $21,100,000.00 (Loan) to purchase a 248 unit apartment complex and approximately 7.5 acres of adjacent land (Property). According to GE, Defendant William Peter Ridgeway Cross (Cross) and Defendant Alan T. Schiffman (Schiffman) each

1

guaranteed the Loan pursuant to a guaranty dated August 8, 2007 (Guaranty). The Guaranty allegedly provided that, in the event of default, Defendants would pay GE the amount of any deficiency from a foreclosure sale (Deficiency Amount), "'up to, but not exceeding,' the Indebtedness, which is $3,210,000.00 plus Enforcement Costs." (Compl. Par. 16).

Cobblestone allegedly defaulted on the Loan, and GE conducted a non-judicial foreclosure sale (Sale) of the Property in Georgia on January 6, 2009. GE alleges that it bid $16,800,000.00 on the Property, which was $100,000.00 more than the appraised value of the Property. GE also alleges that, based on the Sale, the Deficiency Amount is $5,682,638.62. According to GE, since the Deficiency Amount exceeds the Indebtedness, Defendants jointly and severally owe GE $3,210,000.00, plus enforcement costs. GE allegedly demanded payment of this amount from Defendants, and Defendants allegedly have not made any payment. GE includes in its complaint breach of contract claims brought against Defendants. GE now moves for summary judgment on its claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). In seeking a

grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Schiffman's Failure to Respond to the Motion

Schiffman did not file any response to GE's motion for summary judgment despite being given an opportunity. Federal Rule of Civil Procedure 56 provides that, if the party opposing summary judgment does not "set out specific facts showing a genuine issue for trial, . . . summary judgment should, *if appropriate*, be entered against the party." Fed. R. Civ. P. 56(e)(emphasis added). Thus, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not . . . automatically result in judgment for the movant." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)(citations omitted). Instead, "[t]he ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Id.*(citation omitted). Therefore, Schiffman's failure to respond to GE's motion for summary judgment is not determinative in and of itself.

II. Compliance with Local Rule 56.1

As noted above, Schiffman did not file any response to GE's motion for summary judgment. Nor did Schiffman file any response to GE's statement of material facts. Cross filed a response to GE's motion for summary judgment, in which Cross either admits or denies the numbered paragraphs contained in GE's motion for summary judgment. However, Cross did not file a response to GE's

statement of material facts. Local Rule 56.1 requires a party opposing a motion for summary judgment to file "a concise response to the movant's statement" of material facts. LR 56.1(b). When a party opposing a motion for summary judgment fails to file a response to the movant's statement of material facts, the court accepts the movant's statement of material facts as true. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010). Based on Schiffman's and Cross' failure to respond to GE's statement of material facts, all the facts contained in GE's statement of material facts are deemed to be undisputed pursuant to Local Rule 56.1.

III. Liability on Breach of Contract

GE contends that there is sufficient evidence to find in its favor as a matter of law as to liability on the breach of contract claims. Under Illinois law, for a breach of contract cause of action, a plaintiff must establish: "(1) an offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages caused by the breach." *Cogswell v. CitiFinancial Mortg. Co., Inc.*, 624 F.3d 395, 398 (7th Cir. 2010).

A. Validity of Contract and Performance by GE

It is undisputed that, as consideration for the Loan, Defendants entered into the Guaranty. (SF Par. 4-5). It is also undisputed that under the terms of the Guaranty, Defendants promised to pay, in the event of a default on the Loan, the lesser of: (a)

5

the "Indebtedness," which is $3,210,000.00, plus enforcement costs, or (b) the Deficiency Amount. (SF Par. 6-7, 11). Thus, GE has pointed to sufficient evidence to show that, as a matter of law, the Guaranty was a valid contract, based on offer and acceptance, consideration, and definite and certain contract terms. In addition, it is undisputed that GE made the Loan on August 8, 2007 and performed all of its obligations under the Guaranty. (SF Par. 4, 14). Thus, GE has also pointed to sufficient evidence to show that, as a matter of law, GE performed the conditions required under the contract.

### B. Breach by Defendants and Damages

GE contends that there is sufficient evidence showing that Defendants breached their obligations under the Guaranty. Cross argues that the court does not have jurisdiction over this matter and that Defendants did not breach the terms of the Guaranty because GE cannot show that any indebtedness is due.

#### 1. Jurisdiction

Cross argues that the court does not have jurisdiction since "jurisdiction lodged in Georgia" based on the "original action filed by [GE], *GE Financial Services, Inc. v. IBS Cobblestone Operating, LLC, et. al., Civil Action No. 2009V-0226E*" (Georgia Proceeding). (Resp. Par. 2). Schiffman and Cross made the identical argument at the pleading stage, and the court has already found the

argument to be without merit. (DE 38, 8-12). In ruling on Defendants' motions to dismiss, the court found that the Guaranty contained a valid forum selection clause conferring personal jurisdiction over Defendants. (DE 38, 8-9)(Compl. Ex. B, 9). The court also found that GE had alleged sufficient facts to support diversity jurisdiction based upon 28 U.S.C.§ 1332(a), and it is undisputed that GE is a citizen of Delaware, that Schiffman and Cross are citizens of Florida, and that the amount in controversy exceeds $75,000.00. (DE 38, 9); (O'Toole Aff. Par. 3-5); (SF Par. 12). In addition, the court found that the Georgia Proceeding did not divest the court of jurisdiction, since the doctrine of *res judicata* did not apply. (DE 38, 9-13). Absent a "compelling reason," the doctrine of law of the case "limits reexamination of a ruling in an earlier stage of a litigation by the same court." *In re South Beach Securities, Inc*., 606 F.3d 366, 378 (7th Cir. 2010). Cross has not presented any new facts or law that create a compelling reason to reexamine our prior rulings relating to jurisdiction, nor has Cross shown the court erred in its earlier ruling. Thus, our prior ruling finding that the court has jurisdiction over this matter stands.

 2. Indebtedness Due

Cross argues that whether there is any amount due under the Guaranty is a disputed issue of fact, since no deficiency has been established and since the current fair market value of the Property has not been determined. Schiffman and Cross have already raised such arguments in the context of their motions to dismiss and in

their oppositions to GE's motion for a protective order. Based on Illinois case law and the express terms of the Guaranty, the court has already held that confirmation of the Sale was not required to establish a deficiency under the Guaranty and that GE's credit bid at the Sale properly established the Deficiency Amount under the Guaranty, regardless of the Property's fair market value. (DE 38, 13-15); (DE 59, 3-7). Cross has not presented any new facts or law that create a compelling reason to reexamine our prior rulings relating to the Deficiency Amount, nor has Cross shown that the court erred in its earlier ruling. Thus, based on the doctrine of law of the case, we find that a deficiency was established and that, under Illinois law and the specific terms of the Guaranty, the fair market value of the Property does not control the Deficiency Amount.

It is undisputed that, after Cobblestone defaulted on the Loan, GE conducted the Sale of the Property, at which GE bought the Property for $16,800,000.00. (SF Par. 4, 9-10). It is also undisputed that, based on the Sale, the Deficiency Amount equals $5,709,829.91. (SF Par. 12). Further, it is undisputed that, under the Guaranty, Defendants promised to pay the Deficiency Amount "up to, but not exceeding the Indebtedness," which is $3,210,000.00, plus enforcement costs. (SF Par. 6-8, 11). Thus, there is no genuine issue of material fact relating to the indebtedness due pursuant to the Guaranty, and Defendants are obligated to pay GE $3,210,000.00, plus enforcement costs. (SF Par. 12). In addition, it is undisputed that Defendants have made no payments to GE. (SF Par. 13). Based on the above,

GE has pointed to sufficient evidence to show that, as a matter of law, Defendants breached the Guaranty and that the damages are $3,210,000.00, plus enforcement costs. Therefore, based on the above, we grant GE's motion for summary judgment and award GE $3,210,000.00, plus enforcement costs.

## CONCLUSION

Based on the foregoing analysis, we grant GE's motion for summary judgment in its entirety and award GE $3,210,000.00, plus enforcement costs. GE is given until February 28, 2011 to file a motion for fees and costs and/or a bill of costs. Defendants' response, if any, is due by March 14, 2011. In the event a response is filed, GE's reply is due by March 21, 2011.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 26, 2011